Margaret Ellen Stahl **GOTTEN**,
Plaintiff–Appellant,

v.

Nicholas **GOTTEN**, Jr.,
Defendant–Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Nov. 30, 1987.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 29, 1988.

---

**5.**  Nor may Plaintiff attempt to interfere with the relationship between Defendant and their son.

James D. Causey, Memphis, for plaintiff-appellant.

William C. Bateman, Jr., Memphis, for defendant-appellee.

CRAWFORD, Judge.

This is the second appeal in this case. In the previous appeal, this Court modified the trial court's judgment to require Nicholas Gotten, Jr., the Husband, to pay additional rehabilitative alimony to Margaret Ellen Stahl Gotten, the Wife. The additional rehabilitative alimony to Wife consisted of the Husband's obligation to pay the monthly mortgage payments on the residence, and to be solely responsible for the balance due on the mortgage.

During the pendency of the appeal and prior to the entry of the order in this Court awarding the additional rehabilitative alimony, Wife made ten monthly installment payments on the mortgage as she was required to do by the trial court's final judgment. After the remand on the first appeal, Wife filed a motion to compel Husband to reimburse her for the ten mortgage payments she made pursuant to the original trial court judgment. Wife's motion also asks that she be granted the use of all of the furniture located in the home until such time as the home is sold.

Husband's response to Wife's motion denies that she is entitled to the relief sought. Husband also filed a motion in which he seeks to be relieved of the responsibility of paying one-half of the maintenance on the homeplace as ordered by the trial court in the final judgment. After a hearing on June 15, 1987, the trial court denied Wife's motions for reimbursement and for use of all the furniture and furnishings in the home and also denied Husband's motion for modification of the final judgment. The order, among other things, provided for the equal division of all the furniture and furnishings of the parties. Both parties have appealed and we will now consider the issues presented.

The first issue Wife has presented for review is whether the trial court erred in not ordering Husband to pay the housenote on the property retroactively from the date of the Court of Appeals decision to the date of the original trial court judgment.

■ Counsel for the parties have not furnished the Court with any reported decision of this state dealing with this question and our research has failed to reveal any such decision. Both counsel rely on unreported decisions of the Court of Appeals which deal with the problem, but since these decisions have no stare decisis effect we are not bound to consider them. *See Smith v. Kirby,* 737 S.W.2d 271 (Tenn. 1987). Our review indicates that the decisions of our sister states seem to lean to the view that a decision of an appellate court modifying or reversing a trial court decision is given retroactive effect to the day of the original judgment. *Phillips v. Phillips,* 233 S.W.2d 775 (Mo.Ct.App.1950); *Massey v. Massey,* 213 So.2d 260 (Fla.Dist. Ct.App.1968). Annot., 86 A.L.R.2d 696 (1962).

■ We agree with this view. The appellate court acts only upon the record in the case in the trial court and when the appellate court enters an order modifying the trial court order it is doing what should have been done in the first instance. The modification of the trial court order should be effective as of the date of the trial court order. Therefore, we hold that a judgment of the appellate court reversing or modifying the trial court judgment providing for periodic payments of alimony or child support is effective as of the date of the trial court judgment, unless the appellate court judgment specifies otherwise. Therefore, the judgment of the trial court refusing to require Husband to reimburse Wife for the ten monthly mortgage payments is reversed. However, to prevent undue hardship on Husband in his reliance upon the

trial court's original judgment, the case is remanded to the trial court for a determination as to the time and manner in which the reimbursement is to be made.

The second issue presented by Wife is whether the trial court erred in refusing to allow the plaintiff the use of the furniture located in the Glen Oaks residence until such time as the house is sold.

T.C.A. § 36–4–121(c) (Supp.1987) provides:

(c) In making equitable division of marital property, the court shall not divide the marital property equally between the parties unless the court shall have determined that an equal division is equitable. In making such equitable division, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training, or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earning, or parent;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

T.C.A. § 36–4–121(d) provides:

(d) The court may award the family home and household effects, or the right to live therein and use the household effects for a reasonable period, to either party, but shall give special consideration to a spouse having physical custody of a child or children of the marriage.

Wife contends that the trial court did not consider the various factors required in T.C.A. § 36–4–121(c), nor did the trial court give her the special consideration called for by T.C.A. § 36–4–121(d).

The record does not contain a transcript or statement of the evidence of the hearing before the trial court and in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorable to the appellee. *In Re: Rockwell*, 673 S.W. 2d 512 (Tenn.App.1983); *Wilson v. Hafley*, 189 Tenn. 598, 226 S.W.2d 308 (1949); *Kyritsis v. Vieron*, 53 Tenn.App. 336, 382 S.W. 2d 553 (1964). This issue is without merit.

Husband's issue presented for review is whether the trial court erred in refusing to relieve Dr. Gotten from the responsibility of paying one-half of the reasonable repair expenses to the house at 1412 Glen Oaks, Memphis, Tennessee.

Husband contends that because this Court on the previous appeal ordered him to pay additional rehabilitative alimony, this constituted a substantial and material change of circumstances which authorized the Court to modify the previous decree concerning maintenance expense. We disagree with Husband's reasoning. When the trial court and this Court made decisions concerning the respective property rights and obligations of the parties, the decisions were based upon the record as it appeared at that time, and the awards made were justified in the opinion of this Court. We reiterate that we were not furnished a transcript or statement of the evidence of the hearing in the trial court and therefore we must conclusively presume that every fact admissible under the pleadings was found on this issue favorably to the Wife. *In Re: Rockwell*, 673 S.W.2d 512 (Tenn.App.1983); *Wilson v.*

*Hafley*, 189 Tenn. 598, 226 S.W.2d 308 (1949); *Kyritsis v. Vieron*, 53 Tenn.App. 336, 382 S.W.2d 553 (1964). This issue is without merit.

In summary, the order of the trial court denying Wife's motion for reimbursement is reversed and Husband shall reimburse the payments in the manner determined by the trial court. The order of the trial court is affirmed in all other respects.

The case is remanded to the trial court for such further proceedings consistent with this opinion. Costs are assessed equally against the parties.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.