# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

---

**G. E. CAPIITAL MORTGAGE
SERVICES, INC.,**

     Plaintiff-Appellee

Vs.

**BELINDA J. LESTER YOUNG,**

     Defendant-Appellant,

FROM THE CIRCUIT COURT
OF SHELBY COUNTY,
No. 95201 T.D.; THE HON.
JOHN R. MCCARROLL, JUDGE

***AFFIRMED AND REMANDED***

C.A. No. W1998-00729-COA-R3-CV

Clifton E. Darnell of Memphis
For Appellant,
Belinda J. Lester Young, Pro Se

FILED

February 9, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

---

MEMORANDUM OPINION[1]

---

***CRAWFORD, J.***

This appeal involves an action for possession of real property. Defendant, Belinda J. Lester Young, appeals from the trial court's judgment granting possession of the subject property to plaintiff, G. E. Capital Mortgage Services, Inc.

The Court is somewhat handicapped in dealing with this case by the inadequate state of the record on appeal. However, we can ascertain from the entire record and the briefs of the parties that the subject property was encumbered by a deed of trust and, upon foreclosure of the deed of trust, plaintiff, the secured party, purchased the property. Subsequently, plaintiff filed a forcible entry and detainer action in general sessions court, and on June 10, 1998, general sessions court entered judgment in favor of plaintiff for possession of the property. On June 10, 1998, plaintiff appealed the general sessions judgment for a trial ***de novo*** in the circuit court. Plaintiff executed a pauper's oath in lieu of an appeal bond.

On June 22, 1998, plaintiff filed a motion to dismiss the action pursuant to T.C.A. § 20-12-132 (1994). On June 26, 1998, defendant filed a "Demand for Common Trial By Jury" along with a request for production of documents and request for admissions. In July, 1998, defendant filed "Response and Objection to Motion to Dismiss Pauper Action."

Although the record contains no order denying a demand for a jury trial, the parties in their brief concede that the trial court did deny a jury trial demand, and the case was set for trial for August 13, 1998. On August 14, 1998, the trial court entered an order which states:

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

## ORDER ON TRIAL PROCEEDINGS AND RESETTING CASE

This cause came on to be heard for trial whereupon the Plaintiff presented its proof through witness Cliff Darnell, Substitute Trustee and agent for G. E. Capital Mortgage Services, Inc. The Defendant presented her proof through her witnesses, including herself, Benjamin Davis from H.U.D., and Joe Reves, Deputy County Register.

Admitted as trial exhibits were the following:

EXHIBIT 1 - Secretary of State records on qualifications of G. E. Capital Mortgage Services, Inc.

Exhibit 2 - Letters of Notice of Foreclosure and postal return receipt.

EXHIBIT 3 - Affidavit of Publication of Foreclosure Notice.

EXHIBIT 4 - Collective exhibit of Note, Deed of Trust, Substitution of Trustee, Assignment.

EXHIBIT 5 - Quit Claim Deed.

EXHIBIT 6 - Trustee's Deed.

EXHIBIT 7 - Application for assumed name.

EXHIBIT 8 - Secretary of State report of records on file for G. E. Capital Mortgage Services, Inc.

WHEREUPON, the Court adjourned the proceedings until September 9, 1998 at 9:00 A.M. for receipt of subpoenaed documents from H. U. D.; responses from the Plaintiff to the Defendant's Request for Admission and Request for Production filed on August 10, 1998; and for closing argument.

On September 10, 1998, the trial court entered the following order:

### ORDER GRANTING JUDGMENT TO PLAINTIFF

**THIS CAUSE** came on to be heard upon appeal from General Sessions Court, upon testimony of the Plaintiff and the Defendant and of their witnesses, upon the exhibits introduced at trial, the pleadings, and upon the entire record whereupon it was found by the Court that the Plaintiff is entitled to possession of the property located at and known municipally as 495 Jenson Road, Memphis, Shelby County, Tennessee, 38109.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiff is hereby granted possession of the property known as 495 Jenson Road, Memphis, Shelby county, Tennessee and more particularly described as Lot 501 in Section C of Dr. J. E. Walker Homes Subdivision, as shown on plat of record in plat book 19, Page 40, in the Register's Office of Shelby County, Tennessee.

Costs are assessed against the Defendant. Let execution issue.

After denying defendant's "petition" for a new trial, defendant has appealed and presents the following issues for review as stated in her brief:

A. Whether or not the Court erred in denying this Appellant

a Jury Trial?

B. Whether or not the Court erred in denying or not allowing this Appellant discovery?

C. Whether or not the Court erred in allowing the appellee to bring an action not under the proper name?

D. Whether or not the Court erred in giving the appellee possession and the appellee stated they did not own the property?

E. Whether or not the Court erred in giving possession to Appellee without a foreclosure of property?

F. Whether or not the trial court erred in not allowing all parties to be joined?

In defendant's first issue, she asserts that she was improperly denied a jury trial. Defendant filed her appeal to the circuit court on June 10, 1998, but did not file a demand for a jury trial until sixteen days later, on June 26, 1998. She asserts that she had ten days from the time she received notice of the filing of the appeal in the mail from the court clerk. We cannot agree. Rule 38.03 of the Tennessee Rules of Civil Procedure provides in pertinent part:

> In cases removed by appeal or otherwise to the chancery or circuit courts or to courts of similar jurisdiction, any party may demand a trial by jury of any issue triable of right by jury by filing written demand for jury trial within ten (10) days after the papers are filed with the clerk.

The Advisary Commission Comments to the rule state: "Since the appellant has perfected the appeal, it should be obligatory upon the appellant to ascertain when the papers have been filed with the derk of the circuit court." T.R.Civ.P. 38.03. Therefore, the demand for jury trial was not timely and was properly denied by the trial court.

Defendant's second issues asserts that she was denied discovery. The record reflects that on June 26, 1998, defendant filed a request for production and request for admissions. Plaintiff responded to these requests, but on August 19, 1998, during the trial recess, defendant filed a motion to compel as to three requests for production. In the meantime, on August 10, 1998, defendant had filed a second request for production, and the plaintiff responded to this request on September 8, 1998. The record does not reflect that defendant, at any time, brought before the court for disposition the motion to compel and she proceeded to the second part of the bifurcated trial on September 9, 1998. Under these circumstances, it appears that defendant waived her objection to plaintiff's response to the discovery requests.

In defendant's third issue, she contests the name under which plaintiff filed the action. She asserts that the company filed papers with the Secretary of State to only

3

do business under the assumed name of G. E. Capital Home Equity Service. The trial court determined that the suit was properly brought by the plaintiff. The record reflects that the trial court examined the exhibits introduced into evidence, although they are not a part of the record on appeal. There is no transcript, nor is there actually a statement of the evidence. Defendant filed what she denominates a statement of the evidence, but in fact is a chronological statement of the pleadings and the trial court's actions. There simply is no statement of the evidence. In *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992), this Court said:

> When a trial court decides a case without a jury, it's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn.R.App.P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh,* 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

849 S.W.2d at 783.

In defendant's fourth and sixth issues, she asserts that the trial court erred in giving plaintiff possession of the property, because plaintiff had conveyed the property to the Department of Housing and Urban Development. She also asserts that the Department of Housing and Urban Development should have been a party to the suit. Here again, the trial court found that the plaintiff was the proper party plaintiff and was entitled to possession of the property. In the absence of any transcript or statement of the evidence, it is conclusively presumed that the trial court correctly found these facts. *Sherrod,* at 783.

In plaintiff's fifth issue, she asserts that the proceeding was defective, because there had been no foreclosure of the property. She apparently contends that there is a necessity for a court proceeding to validly foreclose. Here again, the trial court found that there was extra-judicial foreclosure under which plaintiff acquired the right to possession of the property. In the absence of a statement of the evidence or a transcript, this finding is conclusive. *See Sherrod*, at 783.

The judgment of the trial court is affirmed. Costs of the appeal are assessed against the appellant, Belinda J. Lester Young. The case is remanded to the trial court for such further proceedings as are necessary.

_____
**W. FRANK CRAWFORD, P.J., W.S.**

4

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**


_____
**HOLLY KIRBY LILLARD, JUDGE**