IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| JEFFREY MORGAN, | ) C/A NO. 03A01-9802-CV-00079 |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| v. | ) JEFFERSON COUNTY CIRCUIT COURT |
| | ) |
| | ) |
| | ) |
| THOMAS L. DRISKILL, | ) |
| | ) HONORABLE BEN W. HOOPER, II, |
| Defendant-Appellant. | ) JUDGE |

For Appellant

THOMAS L. DRISKILL
Pro Se
Knoxville, Tennessee

For Appellee

JEFFREY L. JONES
STEVEN DOUGLAS DRINNON
Rainwater & Jones
Dandridge, Tennessee

M E M O R A N D U M   O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

This is an unlawful detainer action. Jeffrey Morgan filed a civil warrant against Thomas L. Driskill in the Jefferson County General Sessions Court seeking to recover a mobile home and lot in Strawberry Plains. Judgment restoring the plaintiff to possession was entered in that court. On appeal by Driskill to the Jefferson County Circuit Court, that Court, based "upon the record and *testimony* in open Court," entered a judgment that

> upholds the order of the General Sessions Court and does hereby dismiss this Appeal and grants possession to the Plaintiff.

(Emphasis added).

On this appeal, the appellant, Thomas L. Driskill, challenges the propriety of the trial court's judgment; however, he has not filed a record of the evidence heard below. In the absence of a transcript or statement of the evidence, we must assume that "had [a record] been preserved, [it] would have contained sufficient evidence to support the trial court's factual findings" in support of its judgment. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn.App. 1992). *See also* *McDonald v. Ohoh*, 772 S.W.2d 913, 914 (Tenn.App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn.App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn.App. 1988).

The judgment of the trial court is affirmed pursuant to the provisions of Rule 10(b), Rules of the Court of Appeals.[1]

---

[1] Rule 10(b), Rules of the Court of Appeals, provides as follows:

The Court, with the concurrence of all judges

2

Costs on appeal are taxed to the appellant.  This case is remanded to the trial court for enforcement of the lower court's judgment and for the collection of costs assessed there, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

---

participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.