IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JANUARY 16, 2002

**MICHAEL JOSEPH CASBY v. THERESA JEAN (CASBY) HAZLERIG**

**Direct Appeal from the Circuit Court for Tipton County**
**No. 4839; The Honorable Joseph H. Walker, Judge**

--------

**No. W2001-02073-COA-R3-CV - Filed July 24, 2002**

--------

This appeal involves a custody and visitation dispute brought by divorced parents having joint custody of their two children. Following the submission of numerous filings by the parties, the court held a hearing to determine whether or not to alter the custody arrangement set out in the court's final decree. As a result of the hearing, the court issued an opinion and permanent parenting plan which altered the previous visitation agreement by naming the father primary custodial parent and granting the mother limited visitation rights. The court further ordered the mother to pay child support in accordance with the guidelines. The mother appealed and, for the following reasons, we affirm the decision of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Stuart B. Breakstone, Memphis, for Appellant

William C. Cole, Millington, for Appellee

**OPINION**

**I. Facts and Procedural History**

Michael Joseph Casby (Husband) and Theresa Jean Casby Hazlerig (Wife) were married on June 17, 1989. During their marriage, Husband and Wife had two children: a daughter (Daughter) born on February 3, 1990 and a son (Son) born August 20, 1992.

On December 1, 1997, after approximately eight years of marriage, Husband filed a complaint for divorce from Wife. As grounds for the divorce, Husband alleged that Wife engaged in inappropriate marital conduct. Husband also filed a motion with the court along with his

complaint requesting temporary sole custody of the children. The court granted Husband's motion and entered an order awarding him emergency temporary custody of the children.

Following the filing of Wife's answer to Husband's complaint and a counter-complaint alleging the existence of irreconcilable differences, the court conducted a preliminary hearing to determine the temporary custody of the children. Based on evidence presented at the hearing, the court awarded joint custody of the children to Husband and the children's maternal grandmother. The court further ordered Wife to pay temporary alimony.

Wife, less than one week after the court's temporary ruling, motioned the court to order Husband to undergo a psychological evaluation. Wife further had an *ex parte* temporary order of protection issued against Husband. The order of protection prohibited Husband from abusing or harassing Wife in any manner.

On February 20, 1998, the case proceeded to trial. Based on the proof offered at trial, the court entered a final decree of divorce on March 5, 1998, outlining its findings of fact and rulings. The final decree, which declared the parties divorced pursuant to section 36-4-129 of the Tennessee Code, granted Husband and Wife joint custody of the two children. Husband was named primary custodial parent, and Wife was granted liberal visitation rights. The court further held that because of the "expansive visitation" provided to Wife, "application of the child support guidelines . . . would be unjust or inappropriate." Accordingly, neither party was ordered to pay child support.

The final decree, however, did little to quell the disputes between the parties with regard to their children. On October 20, 1998, Wife petitioned the court to modify the court's custody decision. In her petition, Wife alleged that Husband allowed the children to drink alcoholic beverages, bathe with adults, and suffer sunburns. Wife further alleged that Husband failed to attend the baptism of one of the children. Wife argued that Husband's actions constituted a material and substantial change of circumstances warranting an alteration of the custody agreement. Because of the need for a change in custody, Wife further argued that Husband should be ordered to pay child support. In response, Husband filed an answer and counter-petition on November 9, 1998, in which he denied Wife's allegations and requested that Wife be ordered to pay child support.

Less than one year later, before the dispute could be settled, another dispute arose between the parties with regard to the children. On August 11, 2000, Wife again petitioned the court. In this petition, Wife sought an *ex parte* injunction against Husband to gain exclusive custody of Daughter. As grounds for the injunction, Wife alleged that Daughter had disclosed to Martha Williams, a licensed clinical social worker, that she had been sexually abused by her cousin and a neighbor of Father. The court, however, refused to grant Wife's petition.

Following the denial of Wife's petition, Husband filed his own petition for injunctive relief with the court. Husband's petition alleged that Wife filed her previous petition for manipulative purposes and that Daughter had only stated that the sexual abuse occurred to keep Mother from getting mad. Further, Husband alleged that since the petition, Daughter admitted to lying about the

abuse. Finally, Husband alleged that Wife's actions in continually taking Daughter to the doctor for the alleged treatment of urinary tract infections would cause harm to Daughter. For relief, Husband requested that the court enjoin Wife from improperly influencing Daughter, repeatedly taking her to the doctor, and having unsupervised visitation.

In support of his petition, Husband filed an affidavit made by Dr. Rebecca Caperton (Dr. Caperton). In the affidavit, Dr. Caperton stated that Daughter had admitted that, with regard to the abuse, "my momma was the one who started this." Further, Dr. Caperton stated that Daughter was afraid to tell Mother that she had finally told the truth.

On January 12, 2001, the court issued an order addressing the various motions and petitions filed by the parties. The court's order directed the parties to attend counseling and an educational seminar and refrain from questioning the children about the abuse allegations raised by Wife except in the presence of a counselor. The order further directed the parties to file with the court any findings made by the social workers assigned to the case or any findings made by counselors that would warrant court action. Finally, the order invited both parties to re-file any petitions deemed necessary.

On May 16, 2001, Husband took the court's invitation and filed a motion to issue a final order, modify visitation based on the reports of the parties' counselors, set child support, and award him attorney's fees. A hearing was set in accordance with Husband's motion following the submission of medical and psychological evaluations of the parties and the children.

Unfortunately, this Court has been left at a substantial disadvantage in determining what transpired at the hearing due to the parties' failure to include a transcript or statement of the evidence in the record. We have only the court's opinion, which outlines its findings of fact and rulings. In the court's opinion, the court first found that Mother's allegations of abuse were made without any factual basis and that Mother had attempted to manipulate the children. Further, the court found that Mother's psychological evaluation revealed that she was "self focused" and had a "narcissistic personality, with an overt agenda to portray [Father] in a negative light. She accepted little responsibility for her actions, and made frequent use of denial, minimization, rationalization, and projection of blame onto others." Based on the court's prior dealings with Mother, the court concurred in the evaluation's conclusions.

The court also stated in its opinion that the evaluations indicated that Mother could not be endorsed as an appropriate parent for the children and was in need of long term therapy. On the other hand, the evaluations portrayed Father in a positive light and concluded that he should be endorsed as an appropriate and protective parent. Based on the evaluation, the court stated that "[Father] appears to have created a safe, stable and nurturing environment for his children in spite of the turmoil created by [Mother]."

In accordance with its findings, the court modified its previous decree by awarding custody of the children to Father and granting Mother limited visitation rights. Mother's visitation included

every other weekend, two weeks in the summer, and half of the major holidays. The court's opinion was supplemented with a permanent parenting plan outlining the above visitation schedule as well as the parties' respective rights. Finally, because of the change in custody arrangements, the court ordered Mother to pay child support in accordance with the child support guidelines. Mother now appeals the decision of the trial court.

## II. Issues

Mother raises the following two issues for our review:

1.      Whether the trial court erred in modifying the final decree of divorce to make Father the primary residential parent of the parties' minor children, thereby reducing Mother's visitation; and

2.      Whether the trial court erred in modifying the final decree by ordering Mother to pay child support.

Father has also asked this Court to determine whether Wife's appeal should be deemed a frivolous appeal warranting an award of damages.

## III. Alteration to the Custody Arrangement

With regard to Wife's first issue, whether the trial court erred in modifying the custody arrangement in its original decree of divorce, Wife makes two distinct arguments. First, Wife argues that Husband's motion, which put the custody of the children at issue before the court, was not filed in compliance with section 36-6-405(a) of the Tennessee Code.[1] Second, Wife argues that the trial court lacked adequate proof to determine that a material and substantial change had occurred that would warrant a modification of the final decree. We will discuss these issues separately.

 Wife's first argument with respect to this issue concerns the application of section 36-6-405(a). Wife argues that the trial court violated the procedures set out in this section in two respects. First, Wife asserts that this section requires that a proposed parenting plan and verified statement of income be filed and served along with the petition to alter visitation. Because no proposed parenting plan or verified statement of the income was filed, Wife concludes that the court erred. In sum, Wife

---

[1] Section 36-6-405(a) of the Tennessee Code states as follows:

36-6-405. Modifying permanent parenting plans. -

(a) In a proceeding for a modification of a permanent parenting plan, a proposed parenting plan shall be filed and served with the petition for modification and with the response to the petition for modification. Such plan is not required if the modification pertains only to child support. The obligor parent's proposed parenting plan shall be accompanied by a verified statement of that party's income pursuant to the child support guidelines and related provisions contained in chapter 5 of this title. The process established by § 36-6-404(b) shall be used to establish an amended permanent parenting plan or final decree or judgment.

alleges that because no proposed parenting plan was served and filed, she was unaware of the specific visitation Husband was seeking.

We fail to agree with Wife's arguments with respect to this issue. We first conclude that Husband was not attempting to modify a permanent parenting plan as contemplated by the statute relied upon by Wife. Because the final decree of divorce was issued prior to the time parenting plans were required in custody decisions, no permanent parenting plan existed in this cause. Instead, Husband was attempting to modify the final decree of divorce. Accordingly, Wife's reliance on section 36-6-405(a) lacks merit.

We further conclude that Wife's allegation that she was unaware of the specific visitation Husband was seeking is without merit. Husband's motion that brought the issue before the court specifically stated that he was seeking "sole custody" of the children. Accordingly, Wife was well aware that Husband sought not only changes to the visitation arrangement, but parental rights far superior to Wife's.

Also important to our review is an affidavit of Wife's former attorney who represented her at the time of the custody decision now in dispute. This affidavit states that Wife agreed to waive the requirement that a petition be filed, agreed to have "all issues relating to custody, parenting time and support" decided at the hearing on Husband's motion, and raised no procedural objection at the hearing. Under these circumstances, pursuant to Tennessee Rule of Appellate Procedure 36(a),[2] Wife is not even entitled to substantive review of this issue.

We further conclude that Wife's second argument on this issue, whether the trial court lacked adequate proof to determine that a material and substantial change had occurred that would warrant a modification of the final decree, also lacks merit. Our review of the trial court's custody and visitation decision is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure. Ruyle v. Ruyle, 928 S.W.2d 439, 441 (Tenn. Ct. App. 1996); Koch v. Koch, 874 S.W.2d 571, 575 (Tenn. Ct. App. 1993). Rule 13(d) requires this Court, in conducting a *de novo* review of the record, to presume that the trial court's factual findings are correct, unless the evidence in the record preponderates otherwise. TENN. R. APP. P. 13(d).

In applying this standard of review, we are mindful that "[t]rial courts are vested with wide discretion in matters of child custody" and that "the appellate courts will not interfere except upon a showing of erroneous exercise of that discretion." Koch, 874 S.W.2d at 575. Because "[c]ustody and visitation determinations often hinge on subtle factors, including the parents' demeanor and credibility during the divorce proceedings themselves," appellate courts "are reluctant to second-guess a trial court's decisions." Gaskill v. Gaskill, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996). The courts' paramount concern in a custody case is the welfare and best interest of the parties' minor

---

[2] The relevant portion of Tennessee Rule of Appellate Procedure 36(a) provides that, "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

children. Ruyle, 928 S.W.2d at 441; Koch, 874 S.W.2d at 575. This determination necessarily turns on the particular facts of each case. Koch, 874 S.W.2d at 575.

Wife, however, has made review of this issue extremely difficult by failing to submit either a transcript of the proceedings or statement of the evidence as required under Tennessee Rule of Appellate Procedure 24. In Sherrod v. Wix, 849 S.W.2d 780, 783-84 (Tenn. Ct. App. 1992), a child custody case, this Court encountered a situation similar to the present case in that no transcript of the proceedings or a statement of the evidence was submitted on appeal. In Sherrod, we held that,

> When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. McDonald v. Onoh, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); Irvin v. City of Clarksville, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); Gotten v. Gotten, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

Sherrod, 849 S.W.2d at 783. Accordingly, in the absence of a transcript or statement of the evidence, we presume that the evidence does not preponderate against the trial court's findings and affirm trial court's ruling on those grounds.

### IV. Modification of Decree with Respect to Child Support

With regard to Wife's second issue, Wife argues that the court erred in modifying the decree of divorce by requiring her to pay child support. Wife concedes in her brief, however, that a court can properly modify the child support obligations of a party in two situations: where a material and substantial change of circumstances warranting a modification of the final decree has occurred or where there exists a significant variance between the obligor parent's current income and the obligor parent's income at the time support was ordered. We must remember that the court's final decree of divorce indicated that no child support would be ordered because of the equal parenting time allotted to Husband and Wife. Upon the court's decision to significantly modify the visitation arrangement, in which Wife's visitation was limited, a material and substantial change of circumstances obviously existed. Accordingly, we find Wife's argument with respect to this issue to be without merit and affirm the trial court's decision.

## V.  Frivolity of this Appeal

Husband has asked this Court to declare Wife's appeal frivolous and award him damages. This Court maintains the authority to award an appellee damages for the appellant's filing of an appeal deemed frivolous or where the appeal was filed solely for delay.  TENN. CODE ANN. § 27-1-122 (Tenn. 2000).    After a careful review of the record and the arguments proffered by Wife, however, we decline Husband's invitation to declare this appeal frivolous and refuse to award damages.

## VI.  Conclusion

For the foregoing reasons, the decision of the trial court is affirmed.  Costs of this appeal are taxed against the appellant, Theresa Jean Casby Hazlerig, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE