# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### MARCH 19, 2002 SESSION
### LESLIE SWEATT (ACKERMAN) v. MICHAEL SWEATT

**Appeal from the Circuit Court of Davidson County**
**No. 99D-3036     Muriel Robinson, Judge**

---

### No. M2000-02537-COA-R3-CV - Filed October 8, 2002

---

Mother appeals the trial court's denial of her motion to set aside what she characterizes as a "default judgment" awarding custody of the parties' minor children to the Father. Because the Mother's procedural due process rights were protected by the trial court, and the trial court heard evidence regarding factors which must be considered by a court in making custody modifications, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

BUDDY D. PERRY, SP. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., AND WILLIAM C. KOCH, JR., J., joined.

John M. Cannon, Goodlettsville, Tennessee, for the appellant, Leslie Sweatt (Ackerman).

Jeffrey S. Pulley, Nashville, Tennessee, for the appellee, Michael Sweatt.

## OPINION

---

Leslie Sweatt Ackerman ("Mother") appeals the trial court's denial of her motion to set aside what she characterizes as a default judgment awarding Michael Sweatt ("Father") custody of the parties' minor children. The Mother failed to appear at the custody hearing. Because the trial court heard proof concerning the fitness of the parents and the children's best interests, we affirm the trial court's denial of her motion.

On January 31, 2000, the parties were divorced, and the marital dissolution agreement gave the Mother custody of the parties' minor children. Thereafter, the Mother remarried and told the Father that she intended to move with the children to North Carolina on May 20, 2000. On May 19, 2000, the Father filed a complaint for change of custody and for a restraining order prohibiting the Mother from removing the children from Davidson County. The Father, by motion, also sought summer visitation with the children.

The ex parte restraining order was granted and set for hearing on May 26, 2000. Prior to being served with the complaint for change of custody and the restraining order, the Mother left the State with the children. Karen Cain, Mother's counsel in the original divorce proceedings, sought to postpone the May 26, 2000, hearing date, and the matter was rescheduled to June 2, 2000.

The Mother did not attend the June 2, 2000, hearing, but she was represented by Jean Crowe. With the agreement of Ms. Crowe, the trial court granted the Father summer visitation with the minor children. By order dated June 30, 2000, Ms. Crowe was allowed to withdraw as counsel, and the Mother was given fifteen days to secure counsel.

On June 29, 2000, the Father filed a criminal contempt petition alleging that the Mother was in contempt for violating the restraining order and the summer visitation order. The Mother failed to answer the criminal contempt petition and the Father's complaint for custody modification.

The Father filed a motion to set the case on the contested trial docket along with a certificate of readiness for trial of a contested divorce case. The certificate of readiness for trial was signed by the trial court judge on July 19, 2000, and the case was set for trial on September 19, 2000.

No transcript of the evidence was filed. However, the September 29, 2000, trial court order states that the case was tried on September 19, 2000, and the court heard testimony from the Father and other witnesses. The order found that the Mother had been personally served with process, and she had entered a defense in the lawsuit and then abandoned it. The order further found the Mother in violation of the provisions of the parental relocation statute, and she was the subject of a pending petition for criminal contempt. Finally, the trial court found that it was in the best interests of the minor children that the Father be awarded custody.

The Mother filed a pro se notice of appeal. Subsequently, she retained John Cannon, and he filed a motion to set the judgment aside. The motion alleged that the Mother was led to believe that she did not have to respond or appear at the trial because the matter was being resolved by agreement. The Father and his counsel filed affidavits denying the Mother's allegations that she had been misled. The Mother responded with an affidavit admitting that she knew about the trial date. She says she failed to appear because she "had no funds to attend and I had been advised by the local authorities at the Kids First, Inc. to minimize any contact that the children might have with Mr. Sweatt due to allegations of abuse."

The question is whether the trial court erred in having a custody modification hearing in the absence of the Mother.

Mother's counsel asserts that "there was no motion for default, no order setting a hearing, and no notice that the hearing would occur on September 19th of record." Therefore, he argues that the trial court improperly granted a change of custody based upon a "default judgment." Although the decision to set aside a default judgment rests with the sound discretion of the trial court, trial courts "should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside." *Nelson v. Simpson*, 826 S.W.2d 483, 485-86 (Tenn. Ct. App. 1991) (citation omitted). Counsel insists that the trial court abused its discretion by failing to set the

"default judgment" aside.

Finally, the Mother's counsel argues that the court cannot sustain a custody award without hearing relevant proof as to the children's best interests. Citing *Castleman v. Castleman,* No. M2000-00270-COA-R3-CV, 2000 Tenn. App. Lexis 820, 2000 WL 1862836 (Tenn .Ct. App. Dec 21, 2000) (no Tenn. R. App. P. 11 application filed), Counsel insists that the court must hear not only the Father's proof, but also, the Mother's proof. He insists, "To contend that such a lopsided hearing actually allowed proof relevant to those best interests would be ludicrous, at best."

Father's counsel argues that classification of the judgment is insignificant. He argues that the trial court did not abuse its discretion because the Mother took no action to protect her interest and the trial court changed custody only after considering material evidence regarding the children's best interests.

The common thread among the cases dealing with custody hearings in the absence of one parent is the protection of the absent party's procedural due process rights, *see Mohan v. Mohan*, No. 01A01-9708-CV-00415, 1998 Tenn. App. Lexis 669,1998 WL 743332 (Tenn. Ct. App. Oct 9, 1998) (no Tenn. R .App. 11 application filed), and a requirement that the court hear proof comparing the fitness of the parents and the children's best interests. *See Martin v. Martin*, No. 01A01-9002-GS-00064, 1990 Tenn. App. LEXIS 396, 1990 WL 73928 (Tenn. Ct. App. June 6, 1990) (no Tenn. R. App. P. 11 application filed).

In *Martin* this court concluded that a custody change could occur by a default judgment if the trial court conducted an evidentiary hearing and made a determination regarding the children's best interests. However, in *Mahon* this court reversed a trial court's custody modification, after a full hearing, where the father missed the trial because of his mother's illness. Because the father failed to properly document his continuance motions, the trial court denied the father's two motions for continuance. Based on evidence not presented to the trial court, this court found that the father was absent from the trial because he was attending his ailing mother overseas, and that he was prejudiced by the trial court's decision not to grant his continuance requests.

In *Castleman,* this court reversed a custody modification where the mother failed to appear in court on time. The case was set for 9:00 a.m. The mother called her attorney and said she was running late. At 9:50 a.m. the court granted a default judgment without an evidentiary hearing on the issue of the child's best interest. The mother arrived at 10:10 a.m. This court reversed and remanded for hearing on the merits for two reasons: First, because the trial court failed to conduct an evidentiary hearing on the issue of the children's best interests; second, because this court found compelling the mother's genuine efforts to notify her attorney and the court that she was running late.

In the case *sub judice*, the trial court protected the Mother's procedural due process rights and conducted a full hearing on the children's best interests. The Mother had two or three attorneys[1]

---

[1]Karen Cain was the Mother's divorce lawyer in the original case. Although she never entered an appearance, she did appear and request a one week continuance which the court

representing her interests. She offered conflicting excuses for her failure to appear at the trial. In her motion to set aside the judgment, the Mother says she was led to believe no response was necessary, and the matter was being resolved by agreement. In view of a pending petition for criminal contempt, her allegation is not credible. In her affidavit, she admits she knew about the trial date, but offers other excuses for failing to appear. She never attempted to contact the trial court prior to her failure to appear, and she offers no rational reason for not appearing. When the motion to set aside the judgment was heard, she again failed to appear. The record supports a finding that the Mother deliberately failed to appear and protect her rights.

Although no transcript was filed, nor did the attorneys file a statement of evidence, the trial court's order of September 29, 2000, reflects a finding by the court that it was in the children's best interest for custody to be modified. Without a record, this court must presume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's ruling. *See*, *Sherrod v. Wix,* 849 S.W.2d 780 (Tenn. Ct. App.1992); *Gotten v. Gotten*, 748 S.W.2d 430 (Tenn. App. Ct. l987).

Because the trial court protected the Mother's procedural due process rights and conducted a full hearing on the children's best interests, the judgment of the trial court is affirmed.

_____
BUDDY D. PERRY, JUDGE

---

granted. Thereafter, the Mother retained Jean Crowe. She made one appearance and was then allowed to withdraw. John Cannon filed the motion to set aside the judgment and the appeal.