Myrian RICHMOND,
Petitioner/Appellee,

v.

Isaac RICHMOND,
Respondent/Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 4, 1985.

Permission to Appeal Denied by
Supreme Court May 13, 1985.

William E. Shepard, Memphis, for respondent/appellant.

Harold W. Horne, Memphis, for petitioner/appellee.

HIGHERS, Judge.

This is an appeal from a finding of contempt by the Juvenile Court for non-payment of child support as ordered by the court.

The parties were divorced in Fulton County, Georgia, on October 28, 1976, and custody of the two children of the parties

was awarded to the mother.[1] The father was ordered to pay $100.00 per month per child. In January 1982 the mother initiated a petition under the Uniform Reciprocal Enforcement of Support Act (URESA). *See* T.C.A. § 36–5–201 et seq. The Juvenile Court of Memphis and Shelby County found in April 1982 that the father was "able to pay support at this time in the amount of $200.00 monthly" and ordered him to pay an additional $40.00 monthly "until current on the existing arrearage of $2,200.00."

In August there was a petition for contempt filed against the father for his failure to pay child support as ordered. At a hearing in October 1982, he was ordered to pay $400.00 on the arrearage and to adjust his monthly payments to $250.00 until current on the arrearage.

Another contempt citation was brought in February 1983, but before a hearing was conducted the father filed a petition to modify the amount of support. After several continuances, the matter was apparently dropped from the docket without being heard.

Thereafter, on January 24, 1984, another contempt petition was filed in this case. The father appeared with his attorney on February 2, 1984, at which time he was found by the Referee not to be in contempt and the petition was dismissed "upon the defendant's promise to pay $40.00 on February 3, 1984 and pay $50.00 monthly until current on the existing arrearage." A rehearing was requested before the Juvenile Court Judge, and the matter was consolidated with the father's petition to modify and set for hearing on March 1, 1984.

On March 1, 1984, the petition to modify was denied, and the father was found to be in contempt of court. It was held that he had both a past and present ability to comply with the court's orders, and he was therefore ordered confined to jail until he purged himself of contempt by paying the sum of $1,200.00, a part of the amount he was in arrears. On March 30, 1984, the father filed a notice of appeal concerning the finding of contempt and the denial of his petition to modify.

No transcript or statement of the evidence was filed in this case. On March 23, 1984, prior to filing a notice of appeal, the father filed a document described as a "Chronological narrative of financial, social and Spiritual support" for the two children. It does not purport, however, to be a recital of the evidence offered in connection with the proceedings, and it does not comply with the requirements of Rule 24(b), T.R. A.P. We do not treat it, therefore, as a statement of the evidence.

■ The father's brief includes references to testimony not found in the record, either in the "technical record" or in the "narrative" filed by the father. We cannot consider alleged testimony which is outside the record. This is a court of errors and appeals in which matters below are reviewed when presented by a duly authenticated record brought to this court pursuant to the Tennessee Rule of Appellate Procedure.

The father raises three issues on appeal. (1) Did the Juvenile Court Judge abuse his discretion and violate the father's constitutional rights by finding him in contempt without a full and fair hearing? (2) Were the actions of the Juvenile Court Judge arbitrary and capricious, amounting to an abuse of discretion? (3) Did the Juvenile Court Judge exceed his authority since the children of the parties had attained the age of majority?

■ The first two issues are basically the same in raising the question of whether the trial court was guilty of an abuse of discretion.

■ The father contends that he should have been permitted to face his accuser. It should be noted, however, that Georgia was the initiating state and that the petitioner, the mother, was represented in Tennessee by the District Attorney General. In the original order of the Juvenile Court, it was ordered that all payments

---

1. For clarity, the parties shall be referred to as the "mother" and the "father" of the children.

were to be made to the Clerk of the Court. Therefore, the amount of support, or lack thereof, was a matter of record in the Juvenile Court. The case was brought before the Juvenile Court by verified petition of the mother. Duties of support arising under URESA are binding regardless of the presence or residence of the petitioner. T.C.A. § 36–5–204. Further, the petition by the initiating state creates a prima facie case of liability. T.C.A. § 36–5–219(b).

The father maintains that he was found guilty of contempt without evidence to show his ability to pay. Findings of fact in the trial court come to this court with a presumption of correctness, unless the evidence preponderates otherwise. Rule 13(d), T.R.A.P. Since there is no transcript of the hearing or statement of the evidence, we cannot say that the evidence preponderates against the findings.

We further note that in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the mother (appellee). *In re Rockwell,* 673 S.W.2d 512 (Tenn.App.1983); *Wilson v. Hafley,* 189 Tenn. 598, 226 S.W.2d 308 (1949); *Kyritsis v. Vieron,* 53 Tenn.App. 336, 382 S.W.2d 553 (1964).

The first two issues, therefore, are found to be without merit.

With reference to the third issue, the statute specifically provides that "[a]ll duties of support, including arrearages, are enforceable..." T.C.A. § 36–5–209. We decline to accept the reasoning of the father that all arrearages are immediately cancelled when the children reach the age of majority. Such a rule would encourage delinquent parents to delay payments and to seek to avoid their responsibilities in the sure knowledge that all obligations would be wiped out when the children ceased to be minors. We believe it would be against the public policy of this state to adopt such a rule.

For the reasons stated, the judgment of the Juvenile Court of Memphis and Shelby County is affirmed. Costs are assessed against the father, Isaac Richmond, as appellant.

NEARN, P.J. (W.S.), and KIRBY MATHERNE, Special Judge, concur.