FILED

October 2, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MATTHEW E. RADER, ET AL.  : KNOX CIRCUIT
           : CA No. 03A01-9506-CV-00191
  Plaintiffs-Appellants :
           :
           :
vs.         : HON. DALE C. WORKMAN
           : JUDGE
           :
CLARENCE McDOWELL, ET AL.  :
           :
  Defendants-Appellees : AFFIRMED AND REMANDED

J. MIKEL DIXON, OF KNOXVILLE, TENNESSEE, FOR APPELLANTS

ROBERT A. CRAWFORD and CHRISTOPHER D. HEAGERTY, WITH CARPENTER
& O'CONNOR, OF KNOXVILLE, TENNESSEE, FOR GARNISHEE-APPELLEE
AUTO-OWNERS INSURANCE COMPANY

O P I N I O N

              Sanders, Sr.J.

    The Appellant has appealed from a judgment denying its "Application for Execution."  We affirm.

As pertinent, the record before us shows Matthew E. Rader and Patrick E. Rader b/n/f Dennis T. Rader, and Dennis T. Rader, individually, sued Clarence McDowell and Damien McDowell for personal injuries and medical expenses resulting from an automobile accident. The complaint was filed in the Circuit Court for Knox County December 17, 1992. A default judgment was entered against the Defendants and a final judgment was entered for the Plaintiffs for a total of $4,700 on June 7, 1993. It also provided: "Execution for collection of the judgment is also awarded, if necessary."

The following document was filed in the circuit court on July 20, 1993:

"MATTHEW E. RADER, ET AL.,
     Plaintiffs,
vs.
CLARENCE McDOWELL, ET AL.,
     Defendants,

                    "APPLICATION FOR EXECUTION

        "Come the judgment creditors, through counsel, and
respectfully move the Court authorize the issuance of an
application for execution against the liability insurance
carrier of the judgment debtor. In support of this
application, the plaintiffs would show to the Court, that they
have previusly applied for execution, ex parte, but there is
nothing in the record to show that the insurance company
against whom execution is sought is the liability insurance
carrier for Clarence McDowell. In support of this
application, it would be shown to the Court at the hearing,
that a valid policy of liability insurance was in full force
and effect at the time of this accident, and despite the fact
that the liability insurance carrier was fully and completely
notified of the claim and all proceedings herein, has refused
to appear and offer any defense on behalf of the insured and
defendants herein."

It is the judgment rendered on this document from which the Appellant is appealing in the case at bar.

After the application quoted above was filed, Auto-Owners Insurance Company, although not a party to any of the

2

proceedings and not named in the "Application for Execution", filed a response in opposition to the Application. As pertinent, it said: "Comes Auto-Owners Insurance Company (hereinafter 'Auto-Owners') in response to plaintiffs' Application for Execution. Although Auto-Owners is not a party to this action and is not specifically named in the pleading, Auto-Owners is listed in a letter to the Court as 'the insurance company against whom execution is sought.' Therefore, Auto-Owners files its Response to plaintiffs' Application for Execution.

"This suit arises out of a 1-car accident....Plaintiffs now seek execution directly against Auto-Owners.

"....Issues of coverage, including conditions and exclusions from coverage, are not to be determined in the underlying tort action, but would be subject to a proper action for delcaratory judgment.

"....Auto-Owners, therefore, respectfully moves the Court to dismiss plaintiffs' Application for Execution as it may relate to Auto-Owners Insurance Company."

Upon the hearing of the Application for Execution, the court denied the Application. In doing so, the court said: "The Court having reviewed the evidence and having heard the arguments of counsel, and the Court being of the opinion that execution may not be issued against Auto-Owners Insurance Company and that plaintiffs' Application is not proper at this time;...." (Emphasis ours.)

The Petitioner has appealed, saying the court was in error, but he has failed to file a transcript of the record pursuant to TRAP Rule 24(a)(b) or (c).

3

In considering the issues, we are bound by the rule that where there is no transcript of evidence in the record and there is no error appearent in the rest of the record, the appellate courts will conclusively presume the findings and judgment of the trial court to be correct. **Wilson v. Hafley**, 189 Tenn. 598, 226 S.W.2d 308 (Tenn.1949); **Kyritsis v. Vieron**, 53 Tenn.App. 336, 382 S.W.2d 553 (1964). In the case of **McDonald v. Onoh**, 772 S.W.2d 913, the court, in addressing this issue, said:

> [W]ithout a transcript or statement of proceedings this Court must presume that every fact admissible uder the pleadings was found or should have been found in the appellee's favor. **Gotten v. Gotten**, 748 S.W.2d 430, 432 (Tenn.App.1987); Richmond v. **Richmond**, 690 S.W.2d 534, 536 (Tenn.App.1985); **In re Rockwell**, 673 S.W.2d 512, 516 (Tenn.App.1983).

The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant. The case is remanded to the trial court for any further necessary proceedings.

 

 

_____
Clifford E. Sanders, Sr.J.

 

CONCUR:

_____
Herschel P. Franks, J.

_____
Don T. McMurray, J.

4