
**IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON**

STATE OF TENNESSEE, *ex rel,* )
TONYA RENEE JACKSON, )    Williamson Circuit No. 93337
                             )
                             )    Appeal No. M1999-00133-COA-R3-CV
              Plaintiff/ Respondent/ )
              Appellee, )    **AFFIRMED**
                             )
VS. )    The Honorable Donald P. Harris, Judge
                             )
**KEITH GEORGE JACKSON,** )    Paul G. Summers
                             )    Attorney General & Reporter
                             )    Douglas Earl Dimond
              Defendant/Petitioner/ )    Assistant Attorney General
              Appellant. )    Nashville, TN
                             )    Attorney for Tonya Renee Jackson
                             )
                             )    Keith George Jackson, *pro se*
                             )    Murfreesboro, TN
                             )

---

**MEMORANDUM OPINION**[1]

---

*HIGHERS, J.*

This appeal arises from a petition to reduce child support filed in the Circuit Court of Williamson County. The trial court denied the petition, and for the reasons stated herein, we affirm that decision.

**Facts and Procedural History**

On November 18, 1998, Keith George Jackson ("Appellant") filed a petition in the Circuit Court of Williamson County seeking to have his child support payments reduced.[2] At that time, Mr. Jackson was obligated to pay eight hundred and two dollars ($802.00) per month under a prior court order entered on March 3, 1998. The petition alleged that "a material change of circumstances has occurred as to defendant's income . . . so as to justify a reduction in child support payments. The State of Tennessee ("Appellee")

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] Mr. Jackson proceeded *pro se* in both the trial court and before this court.

responded on behalf of Tonya Jackson Strong and requested that the court review Mr. Jackson's income and set his child support obligation pursuant to the Tennessee Child Support Guidelines ("Guidelines").[3]

The trial court conducted a hearing on this matter on February 8, 1999. The court rendered its decision by order entered on February 25, 1999. The trial court determined Mr. Jackson's income to have been $54,846.60 in 1998 and $64,975.00 in 1997. However, the trial court calculated his child support obligation using both the 1997 and 1998 incomes.[4] Based upon the percentages contained in the Guidelines, the court concluded that Mr. Jackson was paying the correct amount of child support and denied the petition to reduce his payments.

## Law and Analysis

Initially, we must note that the record contains no transcript or statement of the evidence. The appellant has the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal," Nickas v. Capadalis, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)(citing State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)); see also T.R.A.P. 24(b). Due to the absence of an evidentiary record, we must presume that every admissible fact should have been found in the appellee's favor and against Mr. Jackson. Gotten v. Gotten, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987); Richmond v. Richmond, 690 S.W.2d 534, 536 (Tenn. Ct. App. 1985); In re Rockwell, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983).

On this appeal, the Appellant presents only one issue. That issue is whether the trial court erred in "failing to properly apply the 'significant variance' test." Mr. Jackson argues that his child support obligation should have been modified due to the fact that his

---

[3] The State's standing as appellee derives from state and federal laws which require custodial parents of children receiving public assistance to assign their rights to receive support from third parties to the State. 42 U.S.C. § 606(a)(26); Tenn. Code Ann. § 71-3-124(a).

[4] The exact language used by the trial court was: "Child support shall be computed based on the last 2 years income when being calculated for modification."

2

**income** had decreased by more than fifteen percent (15%) from 1997 to 1998, thereby constituting a significant variance. In response, the State claims that Mr. Jackson misapprehends the law regarding "significant variance." The State argues that no modification was warranted since Mr. Jackson does not contend, nor does the record indicate, that his existing support obligation varies by fifteen percent or more from the support obligation that he would owe based on his income at the time of the hearing.

Trial courts are required to modify child support obligations only when there is a "significant variance" **between the amount of support required by the Guidelines and the amount currently ordered**. Tenn.Code Ann. § 36-5-101(a)(1); see also Turner v. Turner, 919 S.W.2d 340 (Tenn. Ct. App. 1995)(emphasis added). When the child support obligation exceeds $100 per month, the Guidelines define a "significant variance" as one of at least fifteen percent. See Tenn. Comp. R. & Regs. r. 1240-2-4-.02(3).

Determining the amount of the noncustodial parent's income is the most important element of proof in a proceeding to set child support. Turner, 919 S.W.2d at 344. Since the Guidelines speak in terms of percentages, the trial court is required to determine the obligor's income before it can set a definite amount of support. In the present case, the trial court ruled that for purposes of modification of Mr. Jackson's child support obligation, both his 1997 and 1998 incomes were to be considered. The court then applied the percentages contained in the Guidelines to determine that Mr. Jackson was not entitled to a modification.

Mr. Jackson has not presented a legally cognizable argument regarding "significant variance." As the Appellee contends, the fifteen percent significant variance standard does not apply to income. Rather, the question is whether the obligor's existing support obligation varies by fifteen percent or more from the amount that would be required when applying the obligor's income at the time of the hearing. Therefore, the real issue in this case is whether the trial court correctly determined the income upon which Mr. Jackson's child support payments should be calculated.

3

Mr. Jackson does not argue that the trial court abused its discretion in using both his 1997 and 1998 incomes as the basis for setting his payments. The court took an average of the 1997 and 1998 income and used that figure as the basis for calculating Mr. Jackson's obligation. Mr. Jackson does not challenge that determination.

In summary, there is no legal basis for the "significant variance" argument advanced by Mr. Jackson. Additionally, he has not addressed the dispositive issues in this case. Any latitude that we might have under T.R.A.P. 13(b) to consider issues not presented for review, such as the trial court's income determination, is rendered moot by the deficiencies in the record. We must review the trial court's decision according to the familiar Tenn.R.App.P. 13(d) standard, and we shall uphold that decision unless it is based on an improper application of the law or is against the preponderance of the evidence. In the present case, the lack of an argument by Mr. Jackson, as well as the absence of a transcript or statement of the evidence, leaves us with no basis on which to question the trial court decision.

## Conclusion

For the foregoing reasons, the decision of the trial court denying the appellant's petition is affirmed. Costs of this appeal are taxed to the Appellant, Keith George Jackson, for which execution may issue if necessary.

4

_____
HIGHERS, J.

CONCUR:


_____
FARMER, J.


_____
LILLARD, J.

5