IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2001 Session

## STATE OF TENNESSEE ex rel. WOODY M. HARTLEY v. JENNIFER L. ROBINSON

**Direct Appeal from the Circuit Court for Davidson County**
**No. 93D-2041     Muriel Robinson, Judge**

---

**No. M2000-01625-COA-R3-CV - Filed May 9, 2001**

---

After divorce, Husband was ordered to pay child support to Wife for care of his minor children. Husband was employed as a commercial truck driver by Company. Thereafter, Husband was diagnosed with seizure disorder that required medication to treat. As a result, Husband lost his commercial trucking license as mandated by Federal Regulations. Upon losing his job as a commercial truck driver, Husband accepted a warehouse position with Company for considerably less money. He petitioned the court for a reduction of child support commensurate with his lower salary. The trial court found that he was underemployed and denied the reduction. Husband appealed. Although he failed to submit a transcript or statement of the evidence in the record, the trial court's order contains stipulated facts. We reverse and remand for entry of order reducing child support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Paul G. Summers, Attorney General and Reporter and Kim Beals, Assistant Attorney General, for the appellant, State of Tennessee, ex rel. Woody M. Hartley.

Phillip Robinson, Nashville, Tennessee, for the appellee, Jennifer L. Robinson.

### OPINION

Woody Mallard Hartley and Jennifer Lee (Hartley) Robinson were divorced on December 6, 1994. Pursuant to their marital dissolution agreement, Ms. Robinson was granted custody of the parties' minor children. At the time of the divorce, Mr. Hartley was employed as a commercial truck driver for Ozbum Hessey Logistics. Based upon his income from this employment, Mr. Hartley was ordered to pay child support of $82.87 per week  in compliance

with the Tennessee Child Support Guidelines.[1] These child support payments were raised in a subsequent order to $773.00 per month to reflect an increase in Mr. Hartley's income.

Mr. Hartley eventually remarried and had another child.[2] During this new marriage, he took on additional financial responsibilities, including a house note and a car note. Unfortunately, sometime after this marriage, Mr. Hartley was diagnosed with a seizure disorder which required medicine to keep it in control. As a result of this diagnosis, Mr. Hartley lost his commercial driver's license due to Federal Regulations that restrict anyone who is taking seizure medication from holding such a license. Mr. Hartley then took a job with in his employer's warehouse earning substantially less money. As a result of this decrease in income, Mr. Hartley petitioned the court *pro se* to reduce his child support payments. After a hearing on the matter, the trial court refused to grant the reduction finding that he was "underemployed and has the wherewithal to comply with the Court's Order which under the current circumstances should present no burden to him in any way." Mr. Hartley appealed this ruling though he failed to file either a record of the proceedings or a transcript of the evidence.[3]

The issues, as we perceive them, are as follows:

I.      What is the proper standard of review in this case in light of the fact that Mr. Hartley failed to file either a record of the proceedings or a transcript of the evidence?

II.     Did the trial court err by denying Mr. Hartley's request for a downward deviation on the basis he was underemployed?

**Standard of Review**

With respect to the trial court's legal conclusions, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d). To the extent in which issues on appeal involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). In this case, no record of the proceeding or transcript of the evidence has been filed with this court.

---

[1] This amount represented $78.92 in actual child support plus 5% to be paid to the court clerk for its collection.

[2] Due to the lack of a transcript of the proceeding or statement of the evidence, the only facts considered by this court are the stipulations contained in the trial court's May 8, 2000 order denying the reduction of child support.

[3] Pursuant to Federal and state requirements, the State of Tennessee has entered an appearance to represent Mr. Hartley.

Normally, the lack of such a record would require that this court accept all factual findings made by the trial court as conclusive, including the trial court's finding the Mr. Hartley was voluntarily underemployed. *See Richmond v. Richmond*, 690 S.W.2d 534, 536 (Tenn. Ct. App. 1985). However, in this case, the trial court specifically stated several findings of fact based upon the stipulations of the parties which it used to reach its final decision that Mr. Hartley was underemployed. Among these findings were:

1) That Mr. Hartley's medical doctor would state that he "suffers from seizure disorder for which he is required to take medication. That he will in all probability have to take the medication for the rest of his life."

2) That "so long as [he] is on the above-mentioned seizure medication, Federal Regulations [will] prevent him from holding a commercial driver's license."

3) That "because of the loss of his commercial license, [Mr. Hartley's] employer will not allow him to drive their delivery truck and he is required to work in the warehouse at the rate of $11.00 per hour."

4) That Mr. Hartley's "foreman would testify that the Petitioner will average only approximately four hours of overtime a week."

5) That based upon the expected yearly earnings for this new job, Mr. Hartley's "support obligation would be $601 per month."

This court "must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to [Ms. Robinson.]" *Id*. However, as Ms. Robinson stipulated to the above facts, we consider that they are found in her favor and will consider them in our review of this case. *See id.*

### Downward Modifications

Section 36-5-101(a)(1) of the Tennessee Code states:

In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines . . . between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 2000). A significant variance, which is defined as "at least 15% if the current support is one hundred dollars ($100.00) or greater per month . . . . would

justify the modification of a child support order unless, in situations where a downward modification is sought, the obligor is willfully and voluntarily unemployed or underemployed ." Tenn. Comp. R. & Regs., tit. 10, ch. 1240-2-4-.02(3) (1997).

> The fact that an obligor parent's loss of former employment was not voluntary does not . . . [mean] that [the] parent is willfully and voluntarily underemployed. The term "willfully and voluntarily" implies a choice. While the initial loss of employment may have been involuntary, an obligor's course of action and decision-making after termination can demonstrate willful and voluntary underemployment. . . . We believe this is especially true where the initial loss of employment was not due to the obligor parent's decision to voluntarily terminate his or her employment. In such situations, the obligor parent's attempts to find employment at a comparable salary, the availability of comparable or any employment, and the reasonableness of the employment or other choice under all the circumstances, including the support obligation, should be considered. *See Ralston v. Ralston,* No. 01A01-9804-CV-00222, 1999 WL 562719, at *4 (Tenn. Ct. App. Aug. 3, 1999).

*State ex rel. Ledbetter v. Godsey*, No. M1998-00958-COA-R3-CV, 2000 WL 798641, at *5 (Tenn. Ct. App. Jun. 22, 2000) (*no perm. app. filed*).

In the case currently before us, it is obvious that Mr. Hartley was not willfully and voluntarily underemployed. Using only the facts stipulated by Ms. Robinson, it is clear that Mr. Hartley lost his commercial driver's license due to his illness. It also is clear that, without such a license, he was required to work by his employer in a warehouse for considerably less money. Proof that Mr. Hartley could or should have sought comparable employment in the form of another commercial truck driving job is unnecessary as Ms. Robinson stipulated that Federal Regulations would prevent Mr. Hartley from holding the commercial driver's license necessary for such employment. In addition, we find it reasonable for Mr. Hartley to accept another, lower paying position with the same company in light of the fact that his illness prevented him from holding a commercial license at an company.

Thus, upon consideration only of those facts stipulated by Ms. Robinson and contained in the trial court's order, we find that Mr. Hartley is not willfully and voluntarily underemployed. As stipulated by Ms. Robinson, Mr. Hartley's current income would require a child support payment in the amount of $601 per month. As Mr. Hartley is not willfully or voluntarily underemployed, he was entitled to a reduction of his support payments to this amount. We hereby reverse the trial court's denial for a reduction of child support payments and direct that court to enter an order reducing Mr. Hartley's future child support payments to $601 per month. The trial court is also ordered to modify Mr. Hartley's support payments from the date of his first petition to the date of this order. Any overpayment by Mr. Hartley of his child support during this period will be credited towards his future required support payments.

**Conclusion**

Based on the foregoing conclusions, we hereby reverse the trial court's judgment and remand for entry of the above directed order. Costs on appeal are assessed against the Appellee, Jennifer L. Robinson, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE