IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 13, 2012

# FEDERAL HOME LOAN MORTGAGE CORPORATION
v.
# ALAN WILSEY AND SANDRA WILSEY

**An Appeal from the Circuit Court for Hamilton County**
**No. 10-C-1343      W. Jeffrey Hollingsworth, Judge**

**No. E2011-01507-COA-R3-CV-FILED-MAY 21, 2012**

This appeal involves an unlawful detainer action. After foreclosure, the defendants refused to leave the subject property. The plaintiff filed this unlawful detainer action against the defendants, and ultimately filed a motion for summary judgment. In response, the defendants, acting *pro se*, filed documents suggesting fraud and/or unlawful foreclosure practices. The defendants filed no evidence to support their claims and no other response to the plaintiff's motion. The trial court granted summary judgment in favor of the plaintiff. The defendants now appeal. Discerning no error, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is
Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Alan-Paul Wilsey and Sandra Louise Wilsey, Defendants/Appellants, *pro se*

Peter L. Lublin and J. Kelsey Grodzicki, Norcross, Georgia, for the Plaintiff/Appellee, Federal Home Loan Mortgage Corporation

# MEMORANDUM OPINION[1]

## FACTUAL BACKGROUND

On December 27, 2002, Defendants/Appellants Alan Wilsey and Sandra Wilsey (collectively, "the Wilseys") took out a loan from ABN AMRO Mortgage Group, Inc., to purchase property on Sunbury Avenue ("the Sunbury property") in Chattanooga, Hamilton County, Tennessee. In connection with the purchase, the Wilseys also executed a deed of trust to Equititle, Inc., as trustee for ABN AMRO Mortgage Group, conveying a security interest in the property to secure the debt.

After paying on the loan for several years, the Wilseys defaulted on their loan. Pursuant to the deed of trust, the Wilseys were notified of their rights in the event of default.[2] Also under the deed of trust, in December 2009, Shellie Wallace ("Ms. Wallace") was appointed Successor Trustee under the deed of trust, and the Wilseys' debt was accelerated. An auction to sell the Sunbury property was set for January 25, 2010. Notice of the sale was mailed to the Wilseys in the manner required in the deed of trust, and notice was also published in an advertisement in a Hamilton County newspaper three times prior to the sale.

On January 25, 2010, as scheduled, the property was auctioned and purchased by CitiMortgage, Inc. ("CitiMortgage"). CitiMortgage in turn assigned its interest in the property to Plaintiff/Appellee Federal Home Loan Mortgage Corporation (the "Mortgage Corporation"). On February 1, 2010, Ms. Wallace executed a Trustee's Deed conveying the Sunbury property to the Mortgage Corporation, and a few days later, the deed was recorded in the Register's Office of Hamilton County. Despite the foreclosure sale of the property, the Wilseys refused to relinquish possession.

To gain possession of the Sunbury property, on October 8, 2010, the Mortgage Corporation filed a lawsuit in the General Sessions Court of Hamilton County against the Wilseys for

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Paragraph 22 of the deed of trust sets out the notice to be provided to the borrowers, the remedies available to the borrowers if the lender accelerates the debt due to their default, and the terms related to the sale of the property in the event of the borrowers' default.

unlawful detainer.[3]  The Wilseys failed to appear at the detainer hearing, and in due course the Mortgage Corporation was awarded a default judgment.  The Wilseys filed a timely appeal to the circuit court below for a trial *de novo*.[4]  ***See*** Tenn. Code Ann. § 27-5-101, *et seq*.

On May 3, 2011, the Mortgage Corporation filed a motion for summary judgment in the trial court.  In accordance with Rule 56 of the Tennessee Rules of Civil Procedure, it filed a statement of undisputed facts, including the facts that the Wilseys defaulted on their loan, that the property was sold to CitiMortgage, and that the property was assigned to the Mortgage Corporation.  The summary judgment motion also noted that Paragraph 22 of the deed of trust provides that, if the property were sold at auction after the borrowers' default, "Borrower, any person holding possession of the Property through Borrower [the Wilseys], shall immediately surrender possession of the Property to the purchaser at the sale."  Thus, the Mortgage Corporation asserted that, as the assignee of the purchaser and the lawful owner of the property, it was entitled to possession of the property.  It filed documents and other evidence to support the summary judgment motion, including a copy of the deed of trust, the trustee's deed, the affidavit of Trustee Wallace, and the notices of the foreclosure and sale sent to the Wilseys.

On June 9, 2011, in response to the summary judgment motion filed by the Mortgage Corporation, the Wilseys filed a variety of documents with the trial court.  The Wilseys filed a pleading entitled "Notice to Quit," asserting that the case should be dismissed because AMRO Mortgage Group, CitiMortgage, and the Mortgage Corporation were all engaged in a fraudulent scheme, and that consequently the trial court lacked subject matter jurisdiction over the case.[5]  The record also indicates that the Wilseys filed several documents with the trial court under seal, for reasons that are not clear.  The documents filed under seal indicated that CitiMortgage was involved in some type of administrative proceeding related to unfair lending practices.[6]  The Wilsey documents indicated that the Wilseys had asked the Mortgage

---

[3]The Mortgage Corporation did not seek money damages; it sought only possession of the Sunbury property.

[4]The Wilseys filed affidavits of indigency and were permitted to proceed as paupers.

[5]This "Notice to Quit" pleading gave no details about the alleged fraudulent scheme, but simply asserted that the accused parties were "running a fraudulent (sham) legal process . . . ."

[6]The exact nature of the administrative proceedings to which the Wilseys' documents referred is unclear from the record.  The Wilseys apparently filed a complaint with the Office of the Comptroller of the Currency alleging unlawful practices by CitiMortgage.  On June 3, 2011, the Customer Assistance Group of the Office of the Comptroller ("Customer Assistance") sent a letter to the Wilseys confirming receipt of their complaint, assurance that it would contact CitiMortgage (actually, CitiBank National Association), and that

(continued...)

Corporation to abandon its motion for summary judgment pending resolution of these administrative proceedings, and to set the hearing on the summary judgment motion to be heard in September 2011. Apparently, the Mortgage Corporation declined the Wilseys' request.[7] The trial court scheduled a hearing on the Mortgage Corporation's motion for summary judgment for June 13, 2011.[8]

On July 5, 2011, the trial court entered an order granting the Mortgage Corporation's motion for summary judgment. The trial court found that the Mortgage Corporation had established by undisputed evidence that it was the rightful owner of the Sunbury property, and that it was entitled to possession of the property. The trial court then addressed the documents filed by the Wilseys:

> The Defendants filed several documents which the Court has treated as responses to the summary judgment motion. It is difficult to discern exactly what Defendants' argument is from these documents. However, it appears that Defendants allege that counsel for the Plaintiff has perpetrated some fraud upon them and upon this Court. The court finds there is no evidence of any fraud being perpetrated by counsel or by Plaintiff.

The trial court concluded that the Wilseys had "failed to produce any evidence establishing a genuine issue of material fact as to the Plaintiff's claims to possession of this property." Accordingly, the trial court granted summary judgment in favor of the Mortgage Corporation. From this order, the Wilseys now appeal.

## ISSUE ON APPEAL AND STANDARD OF REVIEW

On appeal, the Wilseys argue that the trial court erred in granting summary judgment in favor of the Mortgage Corporation, and they ask this Court to reverse the trial court's order. A trial court's decision on a motion for summary judgment is a conclusion of law. Therefore, we review a trial court's grant of summary judgment *de novo* on the record, with no presumption

---

[6](...continued)
CitiMortgage would be contacting them about the complaint. Customer Assistance informed the Wilseys that, while it "assists consumers in resolving complaints," it does not "have jurisdiction to resolve contractual and factual issues."

[7]The record on appeal does not reflect that the Wilseys asked the trial court to continue the matter pending any administrative proceeding.

[8]The record does not indicate whether the hearing took place.

of correctness in the trial court's decision. ***Blair v. W. Town Mall***, 130 S.W.3d 761, 763 (Tenn. 2004).

The Mortgage Corporation's motion for summary judgment must be considered under the standard set out in ***Hannan v. Alltell Publishing Company***:

> Summary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; ***Byrd v. Hall***, 847 S.W.2d 208, 214 (Tenn. 1993). In ***Byrd***, this Court set out the basic principles involved in determining whether a motion for summary judgment should be granted. The moving party has the ultimate burden of persuading the court that "there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." ***Byrd***, 847 S.W.2d at 215. If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists. ***Id.*** To meet its burden of production and shift the burden to the nonmoving party, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or establish an affirmative defense. ***Id.*** at 215 n.5. If the moving party does not satisfy its initial burden of production, the court should dismiss the motion for summary judgment. ***See id.*** at 215. Summary judgment should be granted only when, with the facts viewed in favor of the nonmoving party, it is clear that no genuine issue of material fact exists. ***Id.*** at 210-11.

***Hannan v. Alltel Pub'g Co.***, 270 S.W.3d 1, 5 (Tenn. 2008).

## ANALYSIS

Before addressing the merits of the appeal, we note the Mortgage Corporation's well-founded objections to the deficiencies in the Wilseys' appellate brief. First, the Wilseys' brief fails to list any issues for review. Instead, they explain why the trial court's decision should be reversed, without articulating how the trial court purportedly erred, except the Wilseys' conclusory assertion that the trial court erred in granting summary judgment to the Mortgage Corporation. Moreover, the Wilseys' appellate brief contains no citations to the record.[9]

---

[9]Furthermore, the Wilseys copied numerous documents and incorporated them within their appellate brief. It appears that many of these documents were never filed with the trial court. We may not consider such

(continued...)

Rule 27 of the Tennessee Rules of Appellate Procedure provides, in pertinent part, as follows:

(a) **Brief of the Appellant**.—The brief of the appellant *shall* contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

---

[9](...continued)
documents on appeal, because our review is limited to the appellate record only. It is incumbent upon the appellant, *i.e.*, the Wilseys, to prepare a fair, accurate, and complete record on appeal. *See Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985); Tenn. R. App. P. 24(b).

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27 (emphasis added). Rule 6 of the Rules of the Court of Appeals of Tennessee sets forth requirements for the format and content of the written argument "in regard to each issue on appeal," stating:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, *with citation to the record* where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge *with citation to that part of the record* where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, *with citations to the record* showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon *with citation to the record* where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a *specific reference to the page or pages of the record* where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a *reference to the page or pages of the record* where evidence of such fact is recorded.

Tenn. Ct. App. R. 6 (emphasis added).

The Wilseys are self-represented in this appeal, but are nevertheless required to comply with the Court's Rules. ***Hodges v. Attorney Gen.***, 43 S.W.3d 918, 920-21 (Tenn. Ct. App. 2000). Under these Rules, it is clear that the Wilseys' brief is woefully insufficient. The Court has discretion to dismiss an appeal on this basis, and has done so on occasion. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean v. Bean***, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)).

Despite the deficiencies in the Wilseys' brief, we exercise our discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to nevertheless adjudicate the merits of the Wilseys' appeal, namely, the issue of whether the trial court erred in granting summary judgment in favor of the Mortgage Corporation.[10] ***See, e.g., Chiozza v. Chiozza***, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009); ***Word v. Word***, 937 S.W.2d 931, 932 n.1 (Tenn. Ct. App. 1996).

In its motion for summary judgment, the Mortgage Corporation established the undisputed fact that it was the rightful owner of the Sunbury property through the sale to CitiMortgage at the auction, and through the subsequent assignment to the Mortgage Corporation. Under the undisputed documentary evidence submitted by the Mortgage Corporation, and the explicit terms of the Wilseys' deed of trust, after the foreclosure sale, the Wilseys were required to "immediately surrender possession of the Property to the purchaser at the sale." Thus, the Mortgage Corporation satisfied its initial burden of establishing undisputed facts that would entitle it to possession of the property and a judgment as a matter of law.

The Wilseys did not file a response to the motion for summary judgment, nor did they submit a statement of undisputed facts. Instead, they filed a variety of unresponsive documents, some of which were letters authored by Mr. Wilsey, expressing his unsubstantiated belief that the Mortgage Corporation's predecessor in interest (CitiMortgage) was involved in some sort of fraudulent scheme or unlawful lending practices. No evidence was submitted to support allegations of fraud in this particular case.[11] The documents also generally refer to the Wilseys' request that the Mortgage Corporation voluntarily dismiss its motion for summary judgment, based on indeterminate pending administrative proceedings.

---

[10]Rule 1 of the Rules of the Court of Appeals of Tennessee also permits "for good cause, including the interest of expediting a decision upon any matter, this Court ... [to] suspend the requirements or provisions of any of these rules in a particular case on motion of a party, or on its own motion, and may order proceedings in accordance with its discretion." Tenn. Ct. App. R. 1.

[11]The documents submitted by the Wilseys allude generally to improper lending practices committed by CitiBank, presumably an affiliate of CitiMortgage, during the relevant time period, but do not relate any alleged fraud or improper practice to the Wilseys specifically.

The trial court observed: "It is difficult to discern exactly what the Defendants' argument is from these documents." We agree. Whatever the argument, the documentation submitted by the Wilseys was clearly not sufficient to create a genuine issue of fact as to any material issue in the case. Nothing in the Wilseys' submissions to the trial court contradict the evidence establishing that the Wilseys defaulted on their loan, that they were properly notified of the foreclosure and sale of the Sunbury property, that the Mortgage Corporation became the rightful owner of the property, and that the Wilseys were then required to relinquish possession of the property under the terms of the deed. Accordingly, we affirm the trial court's grant of summary judgment in favor of the Mortgage Corporation.

## CONCLUSION

The decision of the trial court is affirmed. The case is remanded for the purpose of collection of costs. Costs on appeal are to be taxed to Appellants Alan Wilsey and Sandra Wilsey, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE