IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 27, 2021 Session

## JONAH PAUL ANDERS v. MAYLA C. ANDERS

**Appeal from the Circuit Court for Shelby County**
**No. CT-005367-14  Gina C. Higgins, Judge**

_____

### No. W2018-02172-COA-R3-CV

_____

This is an appeal from a final decree of divorce.  The trial court granted the parties a divorce instead of the annulment Husband requested, among other findings. Husband now appeals. Finding no error, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Jonah Paul Anders, Memphis, Tennessee, Pro se.

Theresa Patterson, Memphis, Tennessee, for the appellee, Mayla C. Anders.

MEMORANDUM OPINION[1]

BACKGROUND AND PROCEDURAL HISTORY

Jonah Paul Anders ("Husband") and Mayla C. Anders ("Wife") were married on July 28, 2012 in Las Vegas, Nevada.  There were two children born of the marriage.  On December 22, 2014, Husband filed a complaint for annulment or, in the alternative, for divorce.  As part of his complaint, Husband alleged that, at the time of the parties' marriage

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

in July 2012, Wife was still married to another man.  Therefore, Husband contended, the parties' marriage was void and should be annulled.  According to the trial court's final decree, Wife filed an answer to Husband's complaint as well as a counterclaim for divorce.[2]

The final decree of divorce was entered on October 28, 2016.  Therein, the trial court ultimately determined that Wife was divorced from her previous marriage according to "Philippine laws" prior to her marriage to Husband and recognized the marriage to Husband as valid.  Moreover, the trial court awarded each of the parties their separate property owned prior to the marriage and ordered Husband to pay Wife transitional alimony in the amount of $750 per month for a period of twenty-four months. Additionally, the permanent parenting plan approved by the trial court set Husband's child support at $779 per month and awarded Wife $8,184.00 in retroactive child support from November 1, 2014 through April 15, 2016.  Husband thereafter filed a notice of appeal.  On August 24, 2017, this Court entered an order dismissing Husband's appeal without prejudice as the trial court had not yet entered a final judgment and the technical record was incomplete.[3] As a result, this Court did not yet have subject matter jurisdiction over the appeal. Subsequent activity occurred in both the trial court and this Court.  However, this case did not become final until March 4, 2021, when the trial court entered an order denying Husband's motion to alter or amend.  This order constituted the final judgment in the case.

## ISSUE PRESENTED

Husband raises several issues for our review on appeal.  However, based on the briefing and Husband's argument in his brief on appeal,[4] we have determined the single issue on appeal to be as follows:

> Whether the trial court abused its discretion in granting the parties a divorce instead of an annulment.

---

[2] Wife's answer and counterclaim were not included in the record on appeal.

[3] This dismissal was rendered pursuant to docket No. W2016-02290-COA-R3-CV.

[4] At the outset, we note that Husband raised ten separate issues for our review on appeal. In addition to his issue concerning the trial court's grant of a divorce, Husband also raised several other issues stemming from the trial court's order.  However, Husband's brief contains argument only pertaining to the issue of annulment.  We find no argument as to any of Husband's other denominated issues.  Indeed, the only ascertainable argument pertains solely to the issue of the trial court's grant of a divorce as opposed to an annulment.  Rule 27(a) of the Tennessee Rules of Appellate Procedure provides that a brief must contain an argument "setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on."  Failure on part of a party to do so invites a finding of waiver of the issues for which there is no compliance with Rule 27(a).  *See Bean v. Bean*, 40 S.W.3d 52, 53–55 (Tenn. Ct. App. 2000).  Because the argument section of Husband's brief contains no discussion or reference to issues other than that regarding the issue of annulment, we find that Husband has waived any other issues.

DISCUSSION

"Except as restricted by constitutional provisions, the inception, duration, status, conditions, and termination of a marriage in Tennessee are subject to state legislative power and control." *Guzman v. Alvares*, 205 S.W.3d 375, 379 (Tenn. 2006) (citing *Crawford v. Crawford*, 277 S.W.2d 389, 391 (1955)).  In order "[t]o protect the institution of marriage in Tennessee, regularly solemnized marriages are presumed to be valid." *Id.* at 380 (citing *Aghili v. Saadatnejadi*, 958 S.W.2d 784, 789 (Tenn. Ct. App. 1997)).  "[I]n cases involving a subsequent marriage, courts presume that the previous marriage ended in divorce." *Id.* (citing *Emmit v. Emmit*, 174 S.W.3d 248, 252 (Tenn. Ct. App. 2005)).  However, this presumption is "not conclusive and may be rebutted." *Id.* (citing *Emmit*, 174 S.W.3d at 252).  The party challenging the validity of the marriage bears the burden of rebutting this presumption by providing the trial court with "'cogent and convincing' evidence that the marriage . . . is invalid." *Id.* (citing *Aghili*, 958 S.W.2d at 789).

On appeal, Husband contends that the trial court erred in granting the parties a divorce rather than an annulment.  Specifically, Husband claims that the trial court did not properly consider his request for annulment.  We find this argument to be without merit as a plain reading of the final decree of divorce clearly contradicts his assertion.  Despite Husband's repeated allegations of bigamy, the trial court determined that "Husband is not credible" and that Wife was divorced by the "standards and laws" of the Philippines from her previous marriage.  Thus, the trial court determined that the parties' marriage in this case was valid and granted them a divorce.  As such, the trial court clearly considered Husband's allegations concerning his request for an annulment and found them not to be valid.

Husband also contends that the trial court erred by "refusing to allow the preponderance of [his] evidence" concerning his request for annulment.  As best as we can discern, Husband is challenging the propriety of the trial court's findings in light of the evidence presented at trial.  To the extent that Husband challenges the trial court's factual findings in granting the parties a divorce as opposed to an annulment, we note the absence of a transcript[5] of the proceedings in this matter or statement of the evidence in accordance with the requirements of Tennessee Rule of Appellate Procedure 24(c). This Court "cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (citing *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988)).

---

[5] Although the record contains a transcript from the divorce hearing, it contains only the trial court's oral ruling in the case. No testimony or presentation of proof is reflected therein.

Based on our review of the trial court's findings, we find no error on the part of the trial court in granting the parties a divorce instead of an annulment and, therefore, we affirm.

## CONCLUSION

The trial court's final decree granting the parties a divorce is affirmed in all respects.


    s/ Arnold B. Goldin        
ARNOLD B. GOLDIN, JUDGE